# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 18-51016
                                      HON. DENISE PAGE HOOD

v.

JUMANNE SLEDGE,

        Defendant.

                                      /

## ORDER DISMISSING PLAINTIFF'S REQUESTS TO QUASH WRITS OF CONTINUING GARNISHMENT [#7; #8; #9]

This case involves the United States' ("Government") attempt to collect restitution owed by *pro se* Defendant Jumanne Sledge ("Sledge") in the amount of $184,000. On July 5, 2018, the Court issued two writs of continuing garnishment against Sledge. (Doc # 5; Doc # 6) Sledge filed two requests for hearing regarding the Government's Writs of Continuing Garnishment on July 26, 2018 (Doc # 7; Doc # 8), and a document titled "Answer," asking the Court to allow Sledge to pay $150 per month in lieu of being subject to the current writs of continuing garnishment against him (Doc # 9). On August 1, 2018, the Government filed a Response opposing Sledge's requests. For the reasons stated below, Sledge's requests are **DISMISSED**.

1

On October 9, 2012, pursuant to the terms of a Rule 11 Plea Agreement with the Government, Sledge pleaded guilty to Unlawful Conversion of Pontiac School District Funds in violation of 18 U.S.C. § 666(a)(1)(A). (Case No. 12-cr-20142, Doc # 14) The Plea Agreement did not include an agreement with respect to the amount or payment of restitution for which Sledge would be liable. This Court sentenced Sledge on April 17, 2013. Sledge was ordered to serve twelve months of incarceration, three years of supervised release, and ordered to pay a $100 special assessment and restitution in the amount of $184,000 to the Pontiac School District. (Case No. 12-cr-20142, Doc # 16)

On May 9, 2016, this Court found Sledge guilty of violating his conditions of supervision and his supervised release was extended. (Case No. 12-cr-20142, Doc # 30) Sledge was ordered to serve ten months at the Residential Reentry Center. (*Id.*) Sledge's period of supervised release terminated on or about August 4, 2017.

The Government asserts that, to date, Sledge has paid $10,341.08 of his monetary obligations in this case. (Doc # 11, p. 3) Between July 31, 2017 and July 26, 2018, Sledge paid $300 of his restitution. (*Id.*) At some point during that time, Sledge unilaterally reduced his monthly payment to $50. (*Id.*) Sledge has made only six payments since being released from the Court's supervision. (*Id.*)

On July 3, 2018, the Government filed two requests for the issuance of writs of garnishment against Sledge. (Doc # 1; Doc # 2) One writ named the State of Michigan, Office of Retirement Services ("Michigan Office of Retirement Services") as the garnishee. (Doc # 1) The other named the State of Michigan, Department of Treasury ("Michigan Department of Treasury") as the garnishee. (Doc # 2) On July 5, 2018, the Court issued both Writs of Continuing Garnishment against Sledge. (Doc # 5, Doc # 6) The garnishment issued to the Michigan Department of Treasury is a writ to garnish any income tax returns due to Sledge from the State of Michigan. The garnishment issued to the Michigan Office of Retirement Services is a writ to garnish any future distributions due to Sledge.

Sledge filed two requests for hearing regarding the Government's Writs of Continuing Garnishment. (Doc # 7; Doc # 8) On the same day, Sledge also filed an "Answer," in which Sledge states that he is "willing to enter into payment arrangement at the total of $150 per month in lieu of any garnished action." (Doc # 9) Sledge asserts that "a garnishment would severely limit and negatively impact my basic needs with respect to housing, transportation, utilities, and current debt ratios, and student loans." (*Id.*) The Government argues that Sledge has not asserted a valid basis to quash the present garnishment against him and reserves its right to address issues that may arise when the Michigan Office of Retirement

Services files an answer in this case. (Doc # 11) A hearing was held on August 8, 2018.

During the hearing, the parties indicated that the Court should not take action regarding the Writs of Continuing Garnishment at this time, and that Sledge will enter into an agreement with the Government to make consistent payments on his monetary obligations in this case, in an amount agreed upon by the parties. The Government will submit a letter to that effect after an agreement has been reached.

Accordingly,

Plaintiff Jumanne Sledge's present requests to have the Writs of Continuing Garnishment quashed (#7, #8, #9) are **DISMISSED**.

                                                      S/Denise Page Hood  
                                                      Denise Page Hood  
                                                      Chief Judge, United States District Court

Dated: August 10, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2018, by electronic and/or ordinary mail.

                                                       S/LaShawn R. Saulsberry  
                                                     Case Manager